OPINION
{¶ 1} This is an appeal from a Jury determination of guilt as to failure to comply with the order or signal of a police officer (R.C.2921.331[B]) and one count of breaking and entering (R.C. 2911.13[A]).
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was sentenced to fifteen months incarceration on the violation of R.C. § 2921.331(B) and to ten months on the Breaking and Entering charge
 {¶ 3} The sentences were consecutive.
 {¶ 4} The Assignments of Error are:
 ASSIGNMENTS OF ERROR I. {¶ 5} "The conviction of the appellant, Alvin Gayles, was against the manifest weight of the evidence and was insufficient to sustain his conviction of breaking and entering as a matter of law."
 II. {¶ 6} "The defendant Alvin Gayles was improperly convicted of felony of the fourth degree as there was insufficient evidence to sustain the predicate felony conviction of breaking and entering."
 I., II. {¶ 7} Appellant's Assignments of Error shall be reviewed simultaneously as both deal with the charge of breaking and entering.
 {¶ 8} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. See, also, State v. Thompkins (1997),78 Ohio St.3d 380. The discretionary power to grant a new Ashould be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not for the reviewing court. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied, 498 U.S. 881.
 {¶ 10} Each of the Assignments of Error are predicated on the evidence presented to support the conviction on the charge of Breaking and Entering.
 {¶ 11} As stated in R.C. 2911.13(A) the definition of such crime is:
 {¶ 12} "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."
 {¶ 13} The facts presented in evidence indicated that on April 20. 2002, Helen Diehl, a resident of South Freedom Ave., Alliance, Ohio heard certain pounding noises. (T. at p. 56).
 {¶ 14} After looking several times out her window, she observed an individual carrying something out of an empty rental property directly across the street and identified as 1115 South Freedom Ave. (T. at p. 57). Such person laid these items down outside. Being concerned, she notified the Alliance Police Department.
 {¶ 15} Mrs. Diehl stated that the observed individual wore dark clothes with white tennis shoes.
 {¶ 16} During the interview of Mrs. Diehl by Officer McElhaney the appellant's van was observed slowly proceeding by 1115 So. Freedom on two occasions.
 {¶ 17} Officer Duvall was notified of the behavior of the van and pursued such with his lights and siren activated. (T. at p. 23).
 {¶ 18} Appellant's van increased speed and traveled about nine blocks before other police vehicles prevented it from going further. (T. at p. 27).
 {¶ 19} It did not stop at any stop signs.
 {¶ 20} When stopped, appellant was wearing dark clothing and white tennis shoes.
 {¶ 21} At the 1115 address, the police found leaded glass windows had been removed. (T. at p. 73).
 {¶ 22} Two of such windows, lamps and a fan were found outside the residence wrapped in a blanket. (T. at p. 70).
 {¶ 23} A basement window was broken and a footprint was observed on the broken glass. (T. at p. 83).
 {¶ 24} Pry marks were seen and measured where the windows were removed.
 {¶ 25} Appellant's pry bar and screwdriver in the van were consistent with the measurements. (T. at p. 152).
 {¶ 26} His tennis shoe tread was consistent with the pattern on the glass although positive identification as to the shoes or tools was not made. (T. at p. 123-126, 152).
 {¶ 27} This evidence as to the dark clothing, white shoes, laying items down and found subsequently and the unusual driving behavior were before the jury.
 {¶ 28} In addition, the Ohio Supreme Court has held that evidence of flight from justice is admissible evidence of a consciousness of guilt. See: State v. Eaton (1969), 19 Ohio St.2d 145, paragraph six of the syllabus; State v. Vance (Apr. 4, 1994), Knox App. 92-CA-33.
 {¶ 29} While no witnesses specifically placed appellant in the rental property through trespass, the cumulative circumstantial evidence presented was entitled to equal weight as that which would be given to direct evidence. State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 30} Based upon this testimony, which the jury could accept or reject as credible, we find that sufficient evidence as to the charge of Breaking and Entering was presented. The first Assignment of Error is overruled.
 {¶ 31} R.C. 2921.331(B) states:
 {¶ 32} "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."
 {¶ 33} Again, as to the second Assignment of Error, with the jury's acceptance of the evidence as to the guilt of breaking and entering and appellant's conduct when confronted by Officer Duvall's lights and siren, it was justified in believing that appellant was fleeing after the commission of such felony.
 {¶ 34} Therefore the second Assignment of Error is denied.
 {¶ 35} This cause is affirmed.
Gwin, P.J and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to appellant.